United States District Court
Southern District of Texas
**ENTERED**
August 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Alan Nelson Crotts, §<br><br>*Plaintiff,* §<br><br>v. §<br><br>Freedom Mortgage Corporation;<br>Stanley Middleman, CEO and<br>Owner; and John Does, Employee, §<br><br>*Defendants.* § | Civil Action No. 4:23-cv-04828 |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Four motions are pending in this mortgage dispute. Defendant Freedom Mortgage Corporation moved to dismiss all claims filed by Plaintiff Alan Nelson Crotts. Dkt. 3. In addition to responding, Crotts filed an opposed "motion for separation of controversies and partial remand," Dkt. 5, and moved to strike Freedom Mortgage's motion to dismiss, Dkt. 6. The case was then referred to the undersigned judge. Dkt. 14. Thereafter, the Court issued an order directing Crotts to demonstrate that he effectuated service on Defendant Stanley Middleman. Dkt. 18. Crotts responded by filing an affidavit of service, Dkt. 20, and moving for substitute service, Dkt. 21.

After carefully considering the motions, responses, Dkt. 6, 11, 22, Freedom Mortgage's reply, Dkt. 7, the record, and the applicable law, it is

recommended that Crotts's "motion for separation of controversies and partial remand" (Dkt. 5) be denied. It is further recommended that Crotts's motion to strike (Dkt. 6) Freedom Mortgage's motion to dismiss be denied, and that the motion to dismiss (Dkt. 3) be granted. The Court further denies Crotts's motion for substitute service on Middleman (Dkt. 21) but grants Crotts an extension of time to serve Middleman anew.

## Background

This suit arises out of the attempted foreclosure on a property at 6431 Box Bluff Court, Sugar Land, Texas 77479 (the "Property"). *See* Dkt. 1-2 at 6. The following facts are taken from Crotts's complaint, the record in this case, and certain filings from Crotts's prior suit, *Crotts v. Freedom Mortgage Corp.*, No. 4:22-CV-01447, 2022 WL 19006366 (S.D. Tex. Dec. 14, 2022), *aff'd*, 2023 WL 4285506 (5th Cir. June 30, 2023) (hereinafter "*Prior Suit*"), of which the Court takes judicial notice.[1] *See infra*, Legal Standards (judicial notice).

In May 2019, Crotts executed a note on the Property for $234,972 payable to Network Funding, L.P. Dkt. 1-2 at 47 (memorandum and order from *Prior Suit*). Unbeknownst to Crotts, the note was transferred to Freedom Mortgage in 2021. Dkt. 1-2 at 6. Crotts missed payments from March 2021

---

[1] Filings in the prior suit are referenced as "*Prior Suit*, Dkt. [number]."

through December 2021 after Freedom Mortgage allegedly rejected his payments. *Id.*

Freedom Mortgage mailed Crotts a notice of default on January 26, 2022. *Id.* at 61-62. Around this time, Crotts requested that Freedom Mortgage send all communications via e-mail because he had relocated to a remote jobsite where he often did not receive mail and was unreachable during business hours. *Id.* at 7-8. He also asked Freedom Mortgage to contact him via e-mail "to discuss the status of his loan and work to correct any deficiencies." *Id.* at 8. But Freedom Mortgage mailed Crotts a notice of foreclosure on March 16, 2022, and then posted the Property for foreclosure sale. *Id*. at 48.

Crotts filed suit in state court, challenging the foreclosure and claiming that Freedom Mortgage caused him emotional distress and violated the Texas Property Code, Texas Business and Commerce Code, and Texas Finance Code. *Prior Suit*, Dkt. 1-2 at 3-14. Crotts sought damages, injunctive relief, and declaratory judgment. *Id.* at 11-12. He obtained a temporary restraining order on April 22, 2022, enjoining Freedom Mortgage from foreclosing on the Property. *Id.* at 26-28. Freedom Mortgage then removed the suit to this Court, *Prior Suit*, Dkt. 1, and moved for summary judgment, *id.*, Dkt. 26.

On December 14, 2022, this Court granted Freedom Mortgage's motion for summary judgment on all claims, Dkt. 1-2 at 50; *Prior Suit*, Dkt. 36 at 4, and issued a final judgment dismissing Crotts's suit as "unmeritorious,"

entering "a summary judgment" for Freedom Mortgage, and directing "that the plaintiff takes nothing by his suit." Dkt. 1-2 at 52; *Prior Suit*, Dkt. 37. Crotts filed a motion to amend the judgment, *Prior Suit*, Dkt. 38, which was denied on December 28, 2022, *id.* at Dkt. 39.

Crotts filed an appeal, but the Fifth Circuit affirmed the judgment. *Crotts v. Freedom Mortgage Corp.*, 2023 WL 4285506 (5th Cir. June 30, 2023) (per curiam); *Prior Suit*, Dkt. 45. Months later, Crotts filed a motion to vacate the judgment, *Prior Suit*, Dkt. 46 (September 8, 2023), which remains unresolved.

Freedom Mortgage then scheduled another foreclosure sale for December 5, 2023. Dkt. 1-2 at 6. According to Crotts, Freedom Mortgage disregarded his attempts to communicate via email and failed to adequately notify him of the basis for the alleged default and foreclosure. *Id.* at 7. As a result, Crotts maintains that he has continued to suffer ongoing emotional distress. *Id.* at 8-9.

Crotts filed this second suit against Freedom Mortgage in the same Texas state district court, raising slightly different claims but based on the same allegations as his *Prior Suit*, while adding Stanley Middleman, CEO and owner of Freedom Mortgage, and John Doe, Employee. *Compare* Dkt. 1-2 at 3-26, *with Prior Suit*, Dkt. 1-2 at 3-14. Freedom Mortgage removed the suit to this Court, invoking diversity jurisdiction. Dkt. 1; *see also* Dkt. 19.

Freedom Mortgage moved to dismiss all claims. Dkt. 3. Crotts filed an opposed "motion for separation of controversies and partial remand," Dkt. 5, and a combined response to and motion to strike Freedom Mortgage's motion to dismiss, Dkt. 6. Freedom Mortgage filed a reply in support of its motion to dismiss, Dkt. 7, and responded to Crotts's "motion for separation of controversies and partial remand," Dkt. 11.

After the case was referred to the undersigned judge, Dkt. 14, the Court issued an order directing Freedom Mortgage to file an amended notice of removal disclosing Middleman's citizenship, and for Crotts to show cause why his claims against Middleman "should not be dismissed without prejudice for failure to effectuate timely service," Dkt. 18 at 1-2. Freedom Mortgage complied. Dkt. 19. Crotts filed an affidavit of service of process on Middleman, Dkt. 20, and a motion for substitute service, Dkt. 21, to which Freedom Mortgage filed a response, Dkt. 22.

## Legal standard

Dismissal under Rule 12(b)(6) is warranted if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

5

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When resolving a Rule 12(b)(6) motion, the court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quotation marks omitted).

When resolving a Rule 12(b)(6) motion, courts can consider all documents referenced and incorporated in the complaint, as well as any facts for which judicial notice is appropriate. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (affirming judicial notice of publicly available documents containing matters of public record). Courts "may take judicial notice of prior court proceedings as matters of public record." *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) (per curiam).

When analyzing a motion to dismiss, the court liberally construes *pro se* pleadings. *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Even so, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Prescott v. UTMB Galveston Tex.*, 73 F.4th 315, 318 (5th Cir. 2023) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)); *see also Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam) ("[P]ro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.").

## Analysis

### I.    Crotts's suit cannot be partially remanded, nor can his claims be separated.

In a standalone motion, Crotts requests that his claim for declaratory relief be separated and remanded.  *See* Dkt. 5.  Crotts argues that the Court is not required to exercise supplemental jurisdiction over that claim, which seeks no monetary relief.  Dkt. 5 at 1-2.

Crotts relies on *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966), which addressed a district court's discretion to decline "pendent" jurisdiction over a state-law claim after the federal claim is dismissed. *See* Dkt. 5 at 5.  The enactment of 28 U.S.C. § 1367(c), which post-dates *Gibbs*, specifies that federal courts may, under certain circumstances, decline to exercise supplemental jurisdiction over claims for which the court lacks original jurisdiction.

But as Crotts acknowledges, this Court's jurisdiction is premised solely on diversity jurisdiction under 28 U.S.C. § 1332.  *See id.* at 4.  Crotts agrees that "the amount in controversy could potentially exceed $75,000, and most likely will."  *Id.*  And the record also reflects that the parties' citizenship was completely diverse at the time of removal, as Crotts is a citizen of Texas and Defendants are citizens of New Jersey and Florida.  Dkt. 1 at 2-4; *see also* Dkt. 19 (amended notice of removal establishing diversity of citizenship for all

parties).    Thus, as Crotts correctly notes, this Court has *original*, not supplemental jurisdiction, over his claims.  *See* Dkt. 5 at 4.

Neither *Gibbs* nor Section 1367 applies in this setting—where a court has original jurisdiction premised on diversity.  To the contrary, courts have recognized that partial remand is not available in cases properly removed based on diversity jurisdiction.  *See, e.g.*, *Willison v. Noble Drilling Expl. Co.*, 2022 WL 443808, at *6 (E.D. La. Feb. 14, 2022) (concluding "piecemeal remand of certain claims" is permissible "only when removal jurisdiction is based upon [federal question jurisdiction under] § 1331"); *Bristol-Myers Squibb Co. v. Safety Nat. Cas. Corp.*, 43 F. Supp. 2d 734, 743-44 (E.D. Tex. 1999) (finding no authority supporting "a partial remand in actions founded on diversity of citizenship").    Accordingly, Crotts's request for remand of his declaratory judgment claim should be denied.

## II.    Crotts has not demonstrated that Freedom Mortgage's motion to dismiss should be stricken.

As another procedural issue, Crotts argues that Freedom Mortgage's motion to dismiss should be construed as a pleading and then stricken because it falsely states that he admitted to defaulting on his loan.  Dkt. 6 at 4-5.  Yet even Crotts concedes, and Freedom Mortgage agrees, that the motion to dismiss is not a pleading within the meaning of Fed. R. Civ. P. 12(f).  *See id.* at 5; Dkt. 7 at 1-2.  Freedom Mortgage also maintains that it is entitled to assert

Crotts's default because Crotts admitted that he failed to make all payments necessary to make his loan current. *Id.* at 2.

Crotts's request to strike the motion to dismiss is procedurally barred. "The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). A motion to dismiss is not listed among the "pleadings" recognized under federal rules. *See* Fed. R. Civ. P. 7(a). "[T]hus motions … and other documents outside the pleadings are not subject to Rule 12(f)." 5 Charles Alan Wright et al., Federal Practice and Procedure § 1380 (3d ed. 2020); *see also Puckett v. United States*, 82 F. Supp. 2d 660, 662 (S.D. Tex. 1999) (collecting authorities), *aff'd sub nom.*, *Puckett v. C.I.R.*, 213 F.3d 636 (5th Cir. 2000). This principle alone warrants denying Crotts's Rule 12(f) request to strike the motion to dismiss. *See, e.g.*, *Burnett v. ARCCA Inc.*, 2016 WL 828151, at *4 (W.D. La. Feb. 25, 2016) (collecting authorities); *Winegarner v. Hartz*, 2018 WL 718478, at *3 (N.D. Tex. Jan. 16, 2018), *adopted by* 2018 WL 704852 (N.D. Tex. Feb. 5, 2018).

Crotts's Rule 12(f) motion also fails on the merits. Rule 12(f) "only authorizes courts to strike that which is 'redundant, immaterial, impertinent, or scandalous.'" *See Vega*, 2022 WL 22412865, at *2 (quoting Fed. R. Civ. P. 12(f)). "None of those adjectives fairly describe" Freedom Mortgage's assertion that Crotts admitted to defaulting on his loan. *See id.* Whether

Crotts defaulted is hardly "immaterial or impertinent to the controversy" over Freedom Mortgage's alleged refusals to accept his payments and attempts to foreclose. *See United States v. Coney*, 689 F.3d 365, 379-80 (5th Cir. 2012) (affirming denial of motion to strike). Moreover Crotts has alleged that "Freedom Mortgage has rejected requests … to accept his mortgage payments," thereby suggesting that Freedom Mortgage has deemed him to be in default. Dkt. 1-2 at¶¶ 12-136. Such an allegation that is both relevant and suggested by the record is not "scandalous" within the meaning of Rule 12(f) merely because Crotts disputes its basis. *See Coney*, 689 F.3d at 379-80. Crotts's Rule 12(f) motion should be denied.

## III.   <u>Res judicata bars this suit.</u>

As its lead contention, Freedom Mortgage contends that res judicata warrants dismissal because (1) this Court entered a final judgment in the *Prior Suit* and had jurisdiction to do so; (2) the parties in the *Prior Suit* are the same as in this suit, and (3) this action involves the same claims and near-identical factual allegations as the *Prior Suit*. *See* Dkt. 3 at 6-7.

Crotts responds that this Court cannot determine whether res judicata bars this suit because he has requested a declaration that the doctrine does not apply. Dkt. 6 at 7. Crotts also maintains that nothing bars him from refiling these claims because the Court's previous opinion did not state the *Prior Suit* was dismissed with prejudice, and the final judgment did not state explicitly

that it resolved all the claims.  *Id.* at 9.  According to Crotts, the Court can and should vacate the prior judgment under Rule 60(b) and (d).  *Id.* at 7-8.

Freedom Mortgage further asserts—and Crotts disputes—that the petition fails to allege sufficient facts to state a plausible basis for recovery on any of Crotts's claims.  *See* Dkt. 3 at 7-18; Dkt. 6 at 11-19.  Because the res judicata defense is dispositive, this Court need not resolve Freedom Mortgage's alternative grounds for dismissal.

## A.    Crotts's request for declaratory relief does not impede dismissal based on res judicata.

Crotts argues that his request for a declaration that res judicata does not apply precludes the Court from resolving Freedom Mortgage's contention that res judicata bars this suit.  Dkt. 6 at 7.  This argument does not comport with the Rule 12(b)(6) standard.

"Although *res judicata* generally cannot be raised in a motion to dismiss and should 'be pleaded as an affirmative defense,' dismissal under Rule 12(b)(6) is appropriate if the *res judicata* bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense."  *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005)).  That is the case here: Freedom Mortgage maintains that Crotts's allegations in this suit, coupled with the

filings in his *Prior Suit*, establish that his current claims are barred by res judicata. Crotts has not challenged its failure to plead the defense.

The fact that Crotts's petition seeks to negate the res judicata defense via a declaratory judgment claim does not alter the analysis. At most, it entitles Freedom Mortgage to assert that Crotts has not stated a plausible basis for obtaining declaratory relief—just as it has by arguing that res judicata forecloses all of Crotts's claims. The Court therefore proceeds to analyze the parties' contentions on the merits.

### B.     Texas's res judicata standard applies.

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs.*, 428 F.3d at 571. As the parties agree, Texas state preclusive principles govern this case because jurisdiction is premised on diversity of citizenship. *See* Dkt. 3 at 5-6; Dkt. 6 at 8-10; *see also Anderson*, 953 F.3d at 314 ("[F]ederal courts sitting in diversity apply the preclusion law of the forum state unless it is incompatible with federal interests.") (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)).

Under Texas law, res judicata requires "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Cox v. Nueces Cnty.*,

839 F.3d 418, 421 (5th Cir. 2016) (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).  These elements, although "articulated in a slightly different way," are substantively identical to the federal standard. *See Matter of 3 Star Props., L.L.C.*, 6 F.4th 595, 604-05 (5th Cir. 2021).

### C.   This suit involves the same parties and same claims as the *Prior Suit.*

Freedom Mortgage argues, and Crotts does not dispute, that two of the three requirements for res judicata—namely, identity of parties and identity of claims—are satisfied here.  Freedom Mortgage is correct.

For the first requirement, the parties are identical in both suits.[2]  Crotts sued Freedom Mortgage in the *Prior Suit*, just as he has in this suit.

As for identity of claims, Crotts's previous and current pleadings rely on nearly identical facts and raise the same causes of action.  To determine whether the same cause of action is involved, Texas has adopted the transactional test.  *Garcia v. Shell Oil Co.*, 355 S.W.3d 768, 774 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 631 (Tex. 1992)).  "Under this approach, a judgment in an earlier suit 'precludes a second action by the parties and their privies not only

---

[2] Freedom Mortgage also argues that privity exists between it and Middleman, who was newly added as a defendant in this suit.  *See* Dkt. 3 at 6.  That is a contention for *Middleman* to assert as a reason why res judicata would bar the claims against him. But Middleman has neither appeared nor joined Freedom Mortgage's motion to dismiss, making the privity issue immaterial here.

on matters actually litigated, but also on causes of action which arise out of the same subject matter and which might have been litigated in the first suit.'" *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 799 (Tex. 1992) (quoting *Barr*, 837 S.W.2d at 630).

When analyzing the allegations, courts "examine the factual bases, not the legal theories, presented in the cases." *Samuel v. Fed. Home Loan Mortg. Corp.*, 434 S.W.3d 230, 234 (Tex. App—Houston [1st Dist.] 2014, no pet.). "The main concern is whether the cases share the same nucleus of operative facts;" that is, "whether the facts arose out of a single transaction," including "whether the facts are related in time, space, origin, or motivation, and whether they form a convenient unit for trial." *Id.*

The *Prior Suit* and the current action flow from the same transaction: Freedom Mortgage's attempt to foreclose on the Property after Crotts's alleged default. In both suits, Crotts alleges that (1) he missed loan payments starting in March 2021, (2) he repeatedly asked Freedom Mortgage to contact him via email "to discuss the status of his loan and work to correct any deficiencies," but to no avail, (3) he is willing and able to pay any amounts in default but has not been allowed to do so, and (4) Freedom Mortgage's actions have caused him to "suffer[ ] a great deal of emotional distress and mental anguish." *Compare Prior Suit*, Dkt. 1-2 at 5-6, *with* Dkt. 1-2 at 6-9.

Both suits raise similar claims under slightly different legal theories. In the *Prior Suit*, Crotts asserted claims for violations of the Texas Property Code, Texas Business and Commerce Code, and Texas Finance Code, alleging that Freedom Mortgage (1) acted fraudulently by attempting to foreclose the Property without being the legal noteholder, (2) failed to properly notify him of the foreclosure, and (3) breached its duty of good faith by refusing to communicate via e-mail. *Prior Suit*, Dkt. 1-2 at 7-9. In the current action, Crotts asserts claims for violations of the Texas Business and Commerce Code and for gross negligence resulting from Freedom Mortgage's "unconscionable actions"—namely, (1) failing to "give any of the required notices," (2) refusing to provide an accounting, and (3) breaching its duty of good faith by ignoring his requests to receive communications via e-mail. Dkt. 1-2 at 9-19.

"Although the legal theories differ, the factual predicate does not." *See Kenneco Energy, Inc. v. Johnson & Higgins of Tex., Inc.*, 921 S.W.2d 254, 260 (Tex. App.—Houston [1st Dist.] 1995). The foregoing claims are all based on the same nucleus of operative facts, dating back to Crotts's issues with his mortgage's assignment to Freedom Mortgage, Freedom Mortgage's purported refusals to accept his payments, its assertion that he had defaulted, and its resulting foreclosure attempts. Crotts's current claims therefore satisfy the transactional test for res judicata and are asserted against the same party, Freedom Mortgage, as in his *Prior Suit*.

15

**D.    Crotts's claims were fully adjudicated in the *Prior Suit*.**

The only element of res judicata that Crotts challenges is whether his claims were fully adjudicated in the *Prior Suit*.  According to Crotts, neither the memorandum and order nor the final judgment "state the case [was] dismissed with prejudice," thereby triggering a state-law presumption that "the dismissal is without prejudice."  Dkt. 6 at 9 (quoting *Emerald Waco Invs., Ltd. v. Petree*, 2016 WL 4010056, at *6 (Tex. App—Dallas July 25, 2016, no pet.)).  Crotts also argues that the final judgment was "manifestly void" because it did not "actually dispose[ ] of all claims" in the *Prior Suit*.  *Id.* Governing law and the record do not support Crotts's positions.

### 1.    The Court dismissed the *Prior Suit* with prejudice.

Crotts misplaces his reliance on *Petree*.  There, the court addressed a prior order dismissing a suit for failure to file a required certificate of merit—a procedural defect.  *See generally Petree*, 2016 WL 4010056.  In that context, the court concluded an order that did not explicitly state that dismissal was with prejudice was presumed to be without prejudice.  *See id.* at *6.  As support, the *Petree* court cited prior decisions applying that principle to analogous dismissals on procedural, discretionary, or jurisdictional grounds.  *See id.* (citing *Ham v. Stephens*, 2015 WL 6081815, at *3 (Tex. App.—Houston [1st Dist.] Oct. 15, 2015, no pet.) (dismissal without notice to inmate under Chapter 14); *TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d

16

71, 76 (Tex. App.—Dallas 2014, pet. denied) (failure to file required affidavit or declaration); *Stone v. Tolerton*, 2008 WL 5235630, at *3 n.3 (Tex. App.—Tyler Dec. 17, 2008, no pet.) (same); *Greenwood v. Tillamook Country Smoker, Inc.*, 857 S.W.2d 654, 656 (Tex. App.—Houston [1st Dist.] 1993, no writ) (forum selection clause); *In re Hughes*, 770 S.W.2d 635, 637 (Tex. App.—Houston [1st Dist.] 1989, no writ) (lack of standing)).  In short, the nature of those trial courts' dispositions did not necessarily foreclose the plaintiff from re-filing the suit or otherwise resolve the merits of the suit.

Contrast that with the final judgment in the *Prior Suit*, which "enter[ed] summary judgment [o]n behalf of Freedom Mortgage," dismissed the suit as "unmeritorious," and ordered that Crotts "take[] nothing."  Dkt. 1-2 at 52. Texas law recognizes "no difference between a dismissal with prejudice and a take-nothing judgment, and the terms are used interchangeably."  *See Daniels v. Empty Eye, Inc.*, 368 S.W.3d 743, 754 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).  Moreover, "[s]ummary judgment is an adjudication on the merits."  *See Rivera v. PNS Stores*, 647 F.3d 188, 200 (5th Cir. 2011); *see also In re Team Rocket, L.P.*, 256 S.W.3d 257, 260 (Tex. 2008) (orig. proceeding) (summary judgment is a ruling "on the merits" that cannot be vitiated by non-suiting and refiling a case).

Entering summary judgment and dismissing a suit as "unmeritorious" evinces the Court's intent to finally and conclusively dispose of the claims,

given that "a dismissal following an adjudication on the merits is, by definition, a dismissal with prejudice." *See Rivera*, 647 F.3d at 200; *see also id.* at 194 (explaining why it would be logically inconsistent to grant summary judgment without prejudice). Accordingly, the Court's directive that Crotts take nothing in the *Prior Suit* constitutes a dismissal with prejudice as a matter of law.

2. <u>Crotts cannot challenge the validity of the prior final judgment.</u>

In the alternative, Crotts maintains that the judgment in the *Prior Suit* is void. According to Crotts, his claims under the Texas Business and Commerce Code were not resolved because "neither the final judgment nor the memorandum and order" mention, "address, or even allude to, the statutory claims in question." *See* Dkt. 1-2 at 6-7, 20-21; Dkt. 6 at 9. To Crotts, this means the final judgment is void and subject to vacatur under Rule 60(b) and (d). Dkt. 1-2 at 20-21; Dkt. 6 at 7-10.

Crotts's interpretation of the prior opinion does not authorize him to collaterally attack it here. A district court's failure to discuss a cause of action in its opinion "in no way renders invalid the court's dismissal of that claim." *See Rosas v. U.S. Small Bus. Admin.*, 964 F.2d 351, 358 (5th Cir. 1992) (per curiam). "A court is not required, after disposing of all the issues in a judgment, to explain its determination on each and every issue in an attached memorandum." *Id.*; *see also Bell v. Dallas Cnty.*, 432 F. App'x 330, 335 (5th

Cir. 2011) (per curiam) ("Under Fed. R. Civ. P. 52(a)(3), a district court is not required to state factual findings or legal conclusions when ruling on a summary judgment motion.").    Nonetheless, the prior opinion did address those statutory claims in global fashion, finding that "neither federal or state law supports a cause of action for good faith and fair dealing in the mortgage contract context."  *See* Dkt. 1-2 at 49 (citing *Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 329-30 (5th Cir. 2013) (per curiam)); *Prior Suit*, Dkt. 36 at 3. A more detailed explanation was not required to render the judgment final.

Regardless, Crotts's characterization of his contentions as a request for an "independent action" under Rule 60(d)(1) and (d)(3), *see* Dkt. 1-2 at 21, 23; Dkt. 6 at 7, does not open the door to relitigating the validity of the prior judgment.    Independent actions are available "only under unusual and exceptional circumstances."    *Carter v. Dolce*, 741 F.2d 758, 759-60 (5th Cir. 1984) (quoting 11 Federal Practice & Procedure § 2868).  A party cannot use an independent action "to relitigate issues finally determined in another action between the same parties." *See id.*

Crotts raised a similar complaint when contending, through a motion to amend the final judgment, that the Court had not adequately addressed his statutory claims. *See Prior Suit*, Dkt. 38 at 1-2; *see also id.*, Dkt. 39 (order denying the motion).  On appeal, Crotts complained about this omission and argued that the record supported those claims. *See* Appellant's Brief, *Crotts v.*

*Freedom Mortgage Corp.*, 23-20028, Dkt. 21-1 at 16-17, 23-29 (5th Cir. Mar. 28, 2023).  The Fifth Circuit, however, affirmed the judgment.  *Crotts*, 2023 WL 4285506; *Prior Suit*, Dkt. 45.  Crotts's disagreement with that result, and with the depth of the Court's prior analysis, does not satisfy the high threshold for an independent action.[3]  *See, e.g.*, *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667-68 (5th Cir. 1981) (affirming denial of independent action where party's allegations of "bias" by the district judge "could have been remedied on appeal," the allegation of perjury attempted to relitigate issues resolved in prior case, and there was no allegation that the opposing party participated in an alleged conspiracy by filing the prior suit).

Crotts's allegations of "fraud on the court" under Rule 60(d)(3) fare no better.  As reflected in his cited authority, Dkt. 6 at 8, "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court," *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996) (internal quotation marks omitted) (rejecting as insufficient contentions that a witness made misrepresentations or omitted information in his testimony); *see also Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009) (per curiam) (reciting

---

[3] Notably, following his unsuccessful appeal, and even before filing this suit, Crotts filed a motion in the *Prior Suit*, seeking Rule 60 relief.  *Compare Prior Suit*, Dkt. 46 (filed September 8, 2023), *with* Dkt. 1-2 (petition, filed November 27, 2023).  That motion is still pending before the same district judge who entered the final judgment.

same strict standard). Yet here, Crotts simply disagrees with how the Court addressed and resolved his claims. He challenged the prior decision on appeal and lost. His contentions are not sufficient to show that the judicial process was subverted or corrupted, such that the prior judgment can be set aside.

Because Crotts has not asserted a valid a basis for voiding the prior judgment, res judicata bars this attempt to relitigate his claims. This Court should therefore grant Freedom Mortgage's motion to dismiss.

## IV.    Crotts has not properly served Defendant Stanley Middleman but is granted an extension to effectuate service.

Because the record did not reflect that Crotts had served Defendant Stanley Middleman, this Court entered a show cause order. *See* Dkt. 18 at 2. In response, Crotts filed an affidavit of service and a verified motion requesting substitute service under Texas Rule of Civil Procedure 106(b). Dkt. 20, 21.

Freedom Mortgage submitted a response disputing the propriety of Crotts's attempted service on Middleman and arguing against authorizing substitute service. *See* Dkt. 22. But "[c]o-defendants do not have standing to assert improper service claims on behalf of other defendants." *See Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 114 (S.D.N.Y. 2010); *see also, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 499 (a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"); *Lopez v. Countrywide Mortgage*,

2008 WL 910073, at *3 (S.D. Tex. Apr. 2, 2008) (finding no authority allowing one defendant "to challenge service on behalf of another defendant"). The Court will disregard Freedom Mortgage's submission and confine its analysis to Crotts's contentions and the applicable law.

An individual may be served "by … delivering a copy to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). "[A] signed return of service constitutes prima facie evidence of valid service …." *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (per curiam) (quotation marks omitted). But "the agent must have actual authorization and not merely represent themselves to be authorized in order to be an agent for service of process under Rule 4(e)(2)(C)." *Clark v. Stat Care Clinics, L.L.C.*, 2020 WL 1027145, at *4 (M.D. La. Mar. 3, 2020); *see also Adams v. Columbus Lumber Co.*, 2011 WL 1899805, *2 (S.D. Miss. May 19, 2011) (citing 4A Charles Alan Wright et al., Federal Practice and Procedure § 1097 (1987)).

Crotts has now provided a signed affidavit from the process server, indicating that a copy of the citation and petition was served on Middleman via a receptionist, Margie Mosley, at 951 Yamato Road, Suite 175, Boca Raton, Florida 33431. Dkt. 20 at 6. The affidavit asserts that Ms. Moseley "stated they are authorized to accept service for" Middleman. *Id.*

Ms. Mosley's representation, by itself, is insufficient to show that she had actual authority to accept service on Middleman's behalf. *See, e.g.*, *Tijerina v. City of San Antonio*, 2024 WL 626620, at *3 (W.D. Tex. Feb. 1, 2024) ("[E]ven if the person served represented to the process server that she was authorized to accept service on the Individual Defendant's behalf, proof of an actual agency or authorization is required."); *see also Lisson v. ING Groep N.V.*, 262 F. App'x 567, 569 (5th Cir. 2007) (per curiam) (holding that "the individual sought to be served must have actually authorized another to accept service of process on the would-be principal's behalf") (internal quotation marks omitted). As the Fifth Circuit has held, "delivery to a purported agent does not constitute service on the would-be principal, even if the 'agent' represents himself to be so authorized or accepts service." *See Lisson*, 262 F. App'x at 569 (quoting *O'Meara v. New Orleans Legal Assistance Corp.*, 1991 WL 110401, at *2 (E.D. La. June 10, 1991)). The record therefore does not show that Middleman was properly served. Crotts's contention that Middleman knows about this suit does not supplant the service requirement. *See Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988); Dkt. 21 at 2.

The lack of proper service does not, however, mandate dismissal of Crotts's claims against Middleman. This is because the Court can extend the 90-day deadline for effectuating service upon finding good cause. *See* Fed. R. Civ. P. 4(m). "'Good cause' normally requires some evidence of 'good faith on

the part of the party seeking an enlargement [of time] and some reasonable basis for noncompliance within the time specified.'" *Isais v. Marmion Indus. Corp.*, 2010 WL 723773, at *4 (S.D. Tex. Feb. 24, 2010) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).  Here, Crotts understandably relied in good faith on Ms. Mosley's representations about her authority to accept service.  Moreover, the propriety of service was raised *sua sponte* by the Court, and only recently.  Under these circumstances, the Court will grant Crotts another opportunity to effectuate service on Middleman.

As an alternative, Crotts requests that the Court grant substitute service under Texas Rule of Civil Procedure 106(b) and *retroactively* authorize his prior attempt at service.  *See* Dkt. 21 at 3 (asking the Court to "make valid those actions which have already occurred"); *see also* Fed. R. Civ. P. 4(e)(1) (authorizing service under law of state where the district court is located).  Rule 106(b) allows a court to "authorize substituted service only after a plaintiff has unsuccessfully tried to effect personal service or service by certified mail, return receipt requested, as required by Rule 106(a)." *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 1993) (per curiam).  Such authorization, if granted, permits a plaintiff to undertake a *new* attempt at service using a specified alternative means.  *See* Tex. R. Civ. P. 106(b).  It does not contemplate blessing a prior service attempt that was made before substitute service was authorized.  *See, e.g.*, *Sullivan v. Garza Cnty.*

24

*Sheriff's Off.*, 2023 WL 9219306, at *6 (N.D. Tex. Nov. 3, 2023) (rejecting request "to give retroactive effect under Rule 106(b)" to attempted service because plaintiffs "fail[ed] to demonstrate compliance with the rule's antecedent conditions *prior to* their service attempt").

Moreover, a request for substitute service must be supported by an affidavit "listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted" either in person or by certified mail under Rule 106(a)(1) or (2) "at the location named in the statement but has not been successful."  Tex. R. Civ. P. 106(b).  Texas law demands strict compliance with these requirements.  *See Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *see, e.g.*, *Cunningham v. Nationwide Sec. Sols., Inc.*, 2018 WL 5722670, at *3 (N.D. Tex. June 29, 2018) (affidavit did not assert that the addresses visited were defendants' "usual place of business, usual place of abode, or other place where Defendants could be found"); *Lewis v. Ramirez*, 49 S.W.3d 561, 563, 565-66 (Tex. App.—Corpus Christi 2001, no pet.) (affidavit did not allege specific facts detailing how prior service attempts were unsuccessful).

Neither the process server's affidavit nor Crotts's verified motion satisfies Rule 106(b)'s requirements.  The process server merely asserts that he served Middleman at an address in Boca Raton by delivering the citation and petition to Ms. Mosley.  *See* Dkt. 21 at 8.  Crotts's motion incorporates that

information.  *See id.* at 2.  And even if Crotts had supplied a sufficient affidavit, the Court still could not conclude that service by the preferred means—*i.e.*, in person service or service by certified mail—would be futile.  *See Costley*, 868 S.W.2d at 299 (explaining that "[a] plaintiff may resort to substituted service only upon the failure of these methods" specified in Rule 106(a)).  As a result, Crotts's motion for substitute service is denied.  Nevertheless, Crotts is granted an extension, until August 26, 2024, to effectuate service of process on Middleman through the standard means.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Alan Nelson Crotts's "motion for partial remand and separation of controversies" (Dkt. 5) and motion to strike (Dkt. 6) Defendant Freedom Mortgage Corporation's motion to dismiss be **DENIED**.

It is further **RECOMMENDED** that Freedom Mortgage's motion to dismiss (Dkt. 3) be **GRANTED** and Crotts's claims against it be **DISMISSED** with prejudice.

It is further **ORDERED** that Crotts's motion for substitute service on Defendant Stanley Middleman (Dkt. 21) is **DENIED**, but the Court instead **GRANTS** Crotts until **August 26, 2024** to effectuate proper service on Middleman under either Fed. R. Civ. P. 4(e) or Tex. R. Civ. P. 106(a).

For clarity, under the foregoing recommendations and rulings, Crotts's claims against Middleman would remain pending.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on August 6, 2024, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge

27