United States District Court
Southern District of Texas
**ENTERED**
September 19, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Alan Nelson Crotts, | § § § | |
| *Plaintiff,* | § § § | Civil Action No. 4:23-cv-04828 |
| v. | § § | |
| Freedom Mortgage Corporation, Stanley Middleman, CEO and Owner, and John Doe, Employee, | § § § § § | |
| *Defendants.* | § § | |

## ORDER ON LEAVE TO AMEND

On August 26, 2024, Plaintiff Alan Nelson Crotts filed a "Motion to File First Amended Petition for Lawsuit" that requests permission to amend his live pleading against all defendants. Dkt. 26. In the motion, Crotts also maintains that this Court lacks jurisdiction to dismiss his claims because Defendant Stanley Middleman did not concur in the removal of this action. *See id.* Without waiting for a ruling, Crotts proceeded to file a first amended complaint. *See* Dkt. 27 ("Plaintiff's 1st Amended Petition for Lawsuit," filed Aug. 27, 2024).

Crott's passing jurisdictional challenge is flawed. Importantly, a "failure of all the defendants to join in the removal petition is not a jurisdictional defect." *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 432 (5th Cir. 1990).

Because lack of consent is non-jurisdictional, Crotts has waived his challenge to Middleman's lack of consent by failing to timely seek remand within thirty days of removal. *See* 28 U.S.C. § 1447(c) (30-day deadline for challenging removal "on the basis of any defect other than lack of subject matter jurisdiction"); *Fed. Deposit Ins. Corp. v. Loyd*, 955 F.2d 316, 323 (5th Cir. 1992) (district courts cannot remand a case because of a procedural defect that was untimely raised); Dkt. 1 (notice of removal, filed December 28, 2023).

Even apart from Crotts's waiver, the law does not support his supposition that Middleman's consent to removal was necessary. Removals only require the consent of "all defendants who have been properly joined *and served*." *See* 28 U.S.C. § 1446(b)(2)(A) (emphasis added). As this Court's orders reflect, Crotts did not properly serve Middleman—and has yet to do so. *See* Dkt. 23 at 21-26 (reaching this conclusion), *adopted by* Dkt. 24; *see also* Dkt. 30 at 1 (granting until September 24, 2024 to effectuate proper service on Middleman). Crotts's insinuation that this Court cannot dismiss his claims—as it already did when holding that his claims against Freedom Mortgage Corporation "are DISMISSED WITH PREJUDICE," *see* Dkt. 24—is meritless.

The order resolving and dismissing Crotts's claims against Freedom Mortgage also affects his request for leave to amend. Contrary to his contention, Crotts cannot freely amend his claims at this juncture, much less against a defendant who has already been dismissed. Because the July 16,

2024 deadline specified in the Scheduling Order has long since passed, Dkt. 17, Rule 16(b) requires Crotts to show good cause for amending his pleading. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (extending Fed. R. Civ. P. 16(b) to requests for amendment "after a scheduling order deadline has expired").

As a matter of law, no good cause permits an amendment to assert new claims or allegations against a defendant who has been dismissed from the case. This is doubly so because the dismissal was premised on the conclusion that Crotts's claims against Freedom Mortgage were already litigated and resolved in a prior suit and thus are barred by res judicata. *See* Dkt. 23 at 10-21. And even for his claims against Defendant Middlemen, Crotts provided no information that would justify allowing him to amend his allegations.

Accordingly, it is **ORDERED** that Crotts's request for leave to amend (Dkt. 26) is **DENIED**. It is further **ORDERED** that "Plaintiff's 1st Amended Petition for Lawsuit" (Dkt. 27), which was filed without obtaining the requisite leave of court, be **STRICKEN** from the record.

Signed on September 19, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge