United States District Court
Southern District of Texas
**ENTERED**
October 08, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Alan Nelson Crotts, | § § § | |
| *Plaintiff,* | § § | |
| | § | Civil Action No. 4:23-cv-04828 |
| v. | § § | |
| Freedom Mortgage Corporation, Stanley Middleman, CEO and Owner, John Doe, Employee, | § § § § § | |
| *Defendants.* | § § | |

## ORDER ON SERVICE OF PROCESS AND
## FILING OF DISCOVERY MATERIAL

This Order addresses two issues. The first concerns Plaintiff Alan Nelson Crotts's attempts to serve Defendant Stanley Middleman. Upon receiving an extension of time until September 24, 2024 to effectuate service of process on Defendant Stanley Middleman, Dkt. 30, Crotts filed a "Motion for Judicial Notice" regarding his service on Middleman, Dkt. 33, which he supplemented with exhibits, Dkt. 34.

The second issue concerns Crotts's filing of discovery requests. Dkt. 36, 37. Those requests seek admissions from Defendant Freedom Mortgage Corporation and from Middleman. *Id.*

As explained below, Crotts's request for judicial notice regarding his attempted service on Middleman is denied. And for multiple reasons, his discovery requests are stricken.

## I. Crotts has not shown that Middleman was properly served.

### A. Background

Crotts's attempts to serve Middleman have a lengthy history. Crotts filed this suit on December 28, 2023, Dkt. 1-2, which was removed to this Court on December 28, 2023, Dkt. 1. After the case was referred in April 2024, Dkt. 14, the undersigned judge of this Court raised the lack of proper service on Middleman in a July 1, 2024 Show Cause Order. Dkt. 18. Although Crotts filed a response, the affidavit and other materials he submitted failed to reflect that Middleman was properly served. *See* Dkt. 23 at 22-23 (August 6, 2024 Memorandum and Recommendation), *adopted by* Dkt. 24. Nevertheless, the Court granted Crotts an extension of time, until August 26, 2024, to effectuate proper service. Dkt. 23 at 26, *adopted by* Dkt. 24. On that deadline, Crotts filed a motion requesting an additional 14 days to comply. Dkt. 25. The Court granted his request by extending the service deadline until September 10, 2024. Dkt. 28 (August 28, 2024 Order).

A day before the extended deadline expired, Crotts filed a "Renewed Verified Motion for Substituted Service" on Middleman, requesting authorization to serve Middleman by mail, among other means. Dkt. 29. This

Court promptly denied the motion as moot because the applicable "Texas law specifies that service by certified mail is one of two *default* (rather than substitute) methods for effectuating service of process." Dkt. 30 (citing both Tex. R. Civ. P. 106(a)(2) and Fed. R. Civ. P. 4(e)(1)). But the Court again granted Crotts an extension of time to serve Middleman—this time, until September 24, 2024.

On that deadline, Crotts filed his pending motion, this time requesting that the Court take "judicial notice of the fact that" Middleman "has been properly served with a citation and original copy of the lawsuit …." Dkt. 33. Two days later, Crotts filed copies of certified mailings to Middleman at two addresses: (1) 6161 N. Ocean Blvd., Ocean Ridge, FL 33435; and (2) 951 Yamato Rd., Boca Raton, FL 33431. Dkt. 34 at 5-9. Both return receipts, however, are unsigned. *See id.* at 6, 9.

### B.   Crotts's unsigned returns are deficient.

Crotts's latest documents (Dkt. 33, 34) fail to establish that Middleman was properly served. To satisfy Texas law, the return of service filed with the court must "must also contain the return receipt *with the addressee's signature.*" *See* Tex. R. Civ. P. 107(c) (emphasis added) (imposing this requirement "[w]hen the citation was served by registered or certified mail as authorized by [Tex. R. Civ. P.] 106"). Crotts's unsigned return receipts do not satisfy this requirement. Under settled law, the lack of Middleman's

3

signatures on the return receipts renders the returns "fatally defective." *Union Pac. Corp. v. Legg*, 49 S.W.3d 72, 79 (Tex. App.—Austin 2001, no pet.); *see also, e.g.*, *McClure v. Life Time Fitness, Inc.*, 2014 WL 801075, at *4 (S.D. Tex. Feb. 28, 2014) (unless the addressee or his authorized agent signed the receipt, "service of process is fatally flawed" under Tex. R. Civ. P. 170(c)).

The facial insufficiency of Crotts's submission forecloses Crotts's request for "judicial notice" that service was properly effectuated. Judicial notice is only appropriate for facts that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This rule "authorizes the court to take notice only of 'adjudicative *facts*,' not legal determinations." *See Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998) (rejecting judicial notice of a prior legal determination). Yet here, the issue is whether Crotts's attempted service is sufficient, as a matter of law. Moreover, the materials he submitted confirm that those legal requirements are unmet. There is no basis for taking judicial notice that Crotts has properly served Middleman.

Given Crotts's multiple opportunities to demonstrate proper service on Middleman, the Court would be justified in dismissing Crotts's remaining claims. But it remains possible that Crotts has or can obtain the signed returns of service. Therefore, as one final opportunity, Crotts is granted another three

weeks, i.e., until **October 29, 2024**, to file those signed returns of service on the record. **Failure to submit the signed returns or otherwise demonstrate that Middleman was properly served by this fourth new deadline will result in dismissal of Crotts's remaining claims.**

## II.  Crotts's discovery filings are improper.

Crotts's filing of requests for admission (Dkt. 36, 37) are non-compliant, for two reasons. First, the Court's procedures forbid parties from filing discovery material on the docket. *See* S.D. Tex. L.R. 5.4 ("[D]iscovery material shall not be filed with the clerk."). Second and more fundamentally, Crotts cannot seek admissions from Defendant Freedom Mortgage Corporation—who has been dismissed from and is therefore no longer a party in this case, Dkt. 24 (dismissing with prejudice Crotts's claims against Freedom Mortgage). Nor can Crotts propound discovery requests on Middleman, a defendant who he has not shown was properly served. Crotts's requests for admission (Dkt. 36, 37) are therefore **STRICKEN** from the record.

## Conclusion

For the foregoing reasons, it is **ORDERED** that Crotts's "Motion for Judicial Notice of Service to Stanley Middleman" (Dkt. 33), as supplemented (Dkt. 34), is **DENIED**. Crotts has until **October 29, 2024** to file the signed returns of service on the docket. This is Crotts's fourth extension of the service deadline. **Failure to timely file the signed returns or otherwise**

**demonstrate that Middleman was properly served by the new deadline will result in dismissal of Crotts's remaining claims.**

It is further **ORDERED** that Crotts's Requests for Admission from Defendant Freedom Mortgage Corporation and Defendant Stanley Middleman (Dkt. 36, 37) are **STRICKEN** from the record.

Signed on October 8, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge