IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Alan Nelson Crotts, | § § § | |
| *Plaintiff,* | § § § | Civil Action No. 4:23-cv-04828 |
| v. | § § | |
| Freedom Mortgage Corporation; Stanley Middleman, CEO and Owner; John Doe, Employee, | § § § § § | |
| *Defendants.* | § § § | |

## ORDER DENYING MOTION TO RECUSE

On January 30, 2025, Plaintiff Alan Nelson Crotts filed a verified motion asserting that the undersigned judge should recuse. Dkt. 48. Put simply, Plaintiff strenuously disagrees with the undersigned's prior rulings and invokes 28 U.S.C. §§ 144 and 636(c)(4) as a basis for recusal.

Under 28 U.S.C. § 144, recusal is mandatory if a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." To fall within Section 144, "the alleged bias must be *personal*, as distinguished from judicial, in nature." *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007) (emphasis added) (quoting *Phillips v. Joint Legis. Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1020 (5th Cir. 1981)).

"[A]dverse rulings or comments by a judge will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *See United States v. Brocato*, 4 F.4th 296, 302 (5th Cir. 2021) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Plaintiff's contentions merely voice his disagreement with the undersigned's prior rulings. None of those decisions were based on extrajudicial sources, nor do they evince any personal bias or prejudice against Plaintiff. While Plaintiff staunchly maintains that the decisions were incorrect, this is not sufficient to fall within the rare category of cases where recusal would be warranted. *See Kastner v. Lawrence*, 390 F. App'x 311, 317 (5th Cir. 2010) (explaining that complaints about judicial rulings will only "in the rarest circumstances evidence the degree of favoritism or antagonism required") (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see also, e.g.*, *Ryerson v. Berryhill*, 772 F. App'x 102, 104 (5th Cir. 2019) (affirming denial of recusal, noting that "the plaintiff's mere disagreement with the magistrate judge's decision" did not necessitate the judge's recusal).

Plaintiff alternatively requests that the referral of this case be withdrawn for "good cause," citing 28 U.S.C. § 636(c)(4). That provision, however, applies only to cases where a party seeks to revoke its prior consent to have a Magistrate Judge preside over the entire case, including any

potential trial. *See* 28 U.S.C. § 636(c)(1) ("Upon the consent of the parties, a full-time United States magistrate judge ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case ...."); *id.* § 636(c)(4) (addressing when the court may "vacate a reference of a civil matter to a magistrate judge *under this subsection*") (emphasis added).

Section 636(c)(4) is inapposite because the parties did not consent to the undersigned's jurisdiction. Instead, the District Judge referred the case to the undersigned under 28 U.S.C. § 636(b)(1). *See* Dkt. 14. "The consent of the parties is not required under this section." *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002); *see also, e.g.*, *Atkins v. Director, TDJC-CID*, 2023 WL 7414300, at *1 (E.D. Tex. Nov. 9, 2023) (rejecting party's objection to an order referring the case to the Magistrate Judge). In any event, even under Section 636(c)(4), courts have rejected a party's mere disagreement with a magistrate judge's rulings as a basis for withdrawing consent. *See, e.g.*, *Corley v. La. through Div. of Admin., Office of Risk Mgmt.*, 2011 WL 13202826, at *5 (M.D. La. July 19, 2011) (concluding the "timing" of a plaintiff's motion to withdraw consent after the issuance of mostly unfavorable rulings "indicates the basis for the motion is disagreement with the [magistrate judge's] rulings rather than the existence of some factual basis to support a finding of good cause or extraordinary circumstances to withdraw her consent").

Accordingly, it is **ORDERED** that Plaintiff's motion for recusal (Dkt. 48) is **DENIED**.

Signed on March 25, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge