United States District Court
Southern District of Texas

**ENTERED**

July 08, 2025

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Alan Nelson Crotts, | § § § | |
| *Plaintiff,* | § § | |
| | § | Civil Action No. 4:23-cv-04828 |
| v. | § § | |
| Freedom Mortgage Corporation, Stanley Middleman, CEO and Owner, and John Doe, Employee, | § § § § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM, RECOMMENDATION, AND ORDER

Multiple motions are pending. First, Defendant Stanley Middleman, the CEO and Owner of Freedom Mortgage Corporation, has filed a motion to dismiss all claims for lack of personal jurisdiction and on the merits. *See* Dkt. 47. Middleman also moved to stay discovery pending resolution of his motion to dismiss. Dkt. 52. Plaintiff Alan Nelson Crotts has filed numerous motions for "judicial notice." Dkt. 44, 50, 54. He also moved to reconsider the previous order denying Crotts's motion to recuse the undersigned judge. *See* Dkt. 58.

After carefully considering the motions, responses, replies, the record, and the applicable law, it is recommended that Middleman's motion to dismiss (Dkt. 47) be granted, and that all remaining claims be dismissed for want of personal jurisdiction. It is ordered that (1) Crotts's motions for judicial notice

(Dkt. 44, 50, 54) and his motion for reconsideration (Dkt. 58) be denied, and (2) Middleman's motion for stay of discovery (Dkt. 52) be granted.

## Background

The factual background to this mortgage dispute is not material to the issues addressed below. For present purposes, it suffices to note that the claims against Middleman are all that remains in this case. Middleman was not properly served until after the claims against Freedom Mortgage were dismissed. *Compare* Dkt. 24 (August 26, 2024 order dismissing claims against Freedom Mortgage), *with* Dkt. 44-1 at 2 (December 10, 2024 substitute service on Middleman).

After Middleman was served, Crotts filed a motion requesting judicial notice that service had been effectuated. Dkt. 44. Middleman then filed a motion to dismiss all claims, partly based on lack of personal jurisdiction but also on the merits. *See* Dkt. 47. Crotts filed a response, Dkt. 51, and a separate "Verified Motion for Judicial Notice of Relevant Adjudicative Facts," Dkt. 50. Middleman moved to stay discovery pending the Court's ruling on the motion to dismiss, Dkt. 52, which Crotts opposed, Dkt. 53; *see also* Dkt. 55 (Middleman's reply).

On March 13, 2025, Crotts filed a "Verified Motion for Judicial Notice of Admissions by Middleman," asserting that Middleman failed to provide timely responses to requests for admission that were served on January 30, 2025.

Dkt. 54 at 2. Under the current docket control order, however, discovery closed on November 29, 2024. Dkt. 17 at 2. Crotts did not seek leave to propound discovery on Middleman. On March 28, 2025, given the issues and motions in this case, the Court vacated all remaining deadlines for the pretrial order, docket call, and trial. Dkt. 57.

## Analysis

### I.    Middleman's motion to dismiss

Middleman's motion to dismiss primarily challenges the merits of Crotts's claims, including by invoking the same res judicata defense that led this Court to dismiss all claims against Freedom Mortgage. *See generally* Dkt. 47 at 6-21. But as a threshold issue, Middleman disputes the existence of personal jurisdiction, invoking the fiduciary shield doctrine. *See id.* at 5-6. According to Middleman, the acts and omissions of Freedom Mortgage detailed in the live petition do not provide a basis for exercising jurisdiction over him. *See id.* at 6. Crotts responds that Freedom Mortgage is "merely an extension of" Middleman such that that two are alter egos. *See* Dkt. 51 at 2-3.

Middleman is correct that this Court lacks personal jurisdiction over him. For that reason, the Court need not (and should not) reach the merits of Crotts's claims. The proper result is to dismiss all remaining claims without prejudice.

### A.    Legal standard: Personal jurisdiction

Motions to dismiss for lack of personal jurisdiction are governed by Rule 12(b)(2) of the Federal Rules of Civil Procedure, not Rule 12(b)(6), which Middleman mistakenly cites.  When confronted with a personal jurisdiction challenge, "the plaintiff bears the burden to identify facts that demonstrate a prima facie case of jurisdiction."  *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Relations,* 1 F.4th 346, 350 (5th Cir. 2021); *see also Herman v. Cataphora, Inc.*, 730 F.3d 460, 464 (5th Cir. 2013).  Absent an evidentiary hearing, the court "must accept the plaintiff's 'uncontroverted allegations, and resolve in [the plaintiff's] favor all conflicts between the facts contained in the parties' affidavits and other documentation.'"  *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014) (quoting *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002)).  But "the prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted."  *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

In a diversity suit, a federal court can exercise personal jurisdiction over a nonresident defendant only to the extent authorized by the forum state's laws and consistent with federal due process.  *See Command-Aire Corp. v. Ont. Mech. Sales & Serv., Inc.*, 963 F.2d 90, 93 (5th Cir. 1992).  "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis."  *Sangha v. Navig8*

*ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (citation omitted). "Due process requires that the defendant have minimum contacts with the forum state (*i.e.* that the defendant has purposely availed himself of the privilege of conducting activities within the forum state) and that exercising jurisdiction is consistent with traditional notions of fair play and substantial justice." *Id.* (quotation omitted).

### B.    The fiduciary shield doctrine applies.

Middleman maintains that Crotts has not demonstrated that Middleman had any personal contacts with Texas that could establish personal jurisdiction here. *See* Dkt. 47 at 6. According to Middleman, Crotts's reliance on the acts and omissions of Freedom Mortgage with respect to the underlying mortgage implicates the fiduciary shield doctrine. *See id.* at 5-6.

In general, "jurisdiction over an individual cannot be predicated upon jurisdiction over a corporation." *Stuart v. Spademan*, 772 F.2d 1185, 1197 n.11 (5th Cir. 1985). The fiduciary shield doctrine provides that "an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has in personam jurisdiction over the corporation." *Id.* at 1197.

As a noted exception, the fiduciary shield doctrine does not apply if the defendant individual is being sued for his own tortious conduct directed at the forum state. *See Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255

5

F. App'x 775, 794-95 (5th Cir. 2007) (discussing *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 973 & n.11 (5th Cir. 1984)). Despite using the term "Defendants" collectively, the substance of Crotts's live pleading complains about *Freedom Mortgage*'s actions with respect to the mortgage and note. Crotts simply asserts that Middleman, as Freedom Mortgage's "CEO, Founder, and Majority Owner, ... is liable for violations made by the wrongful acts or omissions of his employees." Dkt. 1-2 at 4. This is liability by imputation only. Nothing indicates that Middleman personally engaged in tortious conduct aimed at Texas, whether generally or concerning the mortgage underlying this suit.

Instead, Crotts invokes the principle that a corporation's forum-state contacts can be imputed to an individual if the corporation is the individual's alter ego. *See Stuart*, 772 F.2d at 1197. The alter ego test for attributing the corporation's contacts is "less stringent than that for liability." *Id.* at 1198 n.12. Nevertheless, courts consider numerous factors: (1) whether the individual "completely control[s]" the corporation; (2) "the level of financial integration" between the two; (3) whether the corporation "operate[s] with grossly inadequate capital"; (4) whether the individual uses the corporation's property as his "own personal property"; (5) whether the individual used the corporation "to pay personal obligations"; and (6) whether the individual acted as if the corporation was an extension of his own personal interests. *See Mylonakis v. M/T Georgios M.*, 909 F. Supp. 2d 691, 715 (S.D. Tex. 2012)

6

(adapting factors from *United States v. Jon-T Chems., Inc.*, 768 F.2d 686, 691-92 (5th Cir. 1985)).  The fundamental question is whether "there is such unity between corporation and individual that the separateness of the corporation has ceased and holding only the corporation liable would result in injustice." *Bollore S.A. v. Import Warehouse, Inc.*, 448 F.3d 317, 325 (5th Cir. 2006) (quoting *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986), *superseded in part by statute, as recognized in SSP Partners v. Gladstrong Investments (USA) Corp.*, 275 S.W.3d 444, 455 (Tex. 2009)).

Crotts's pleading contains no facts suggesting that Freedom Mortgage lacks a separate existence from Middleman.  It does not allege that the two are alter egos.  *See generally* Dkt. 1-2.  In response to the motion to dismiss, Crotts touts Middleman's status as Freedom Mortgage's founder, CEO, and majority owner.  Mere ownership and managerial control, however, are insufficient to pierce the corporate veil.  *See Bollore*, 448 F.3d at 326.  Crotts also refers to a page on Freedom Mortgage's website—which he did not attach—that allegedly promotes Middleman's autobiography.  *See* Dkt. 51 at 3.  But the use of a page on a company's website to promote its founder's publication, without more, does not lead to the conclusion that their finances and assets *in general* are so intermingled that they should be deemed to lack separate existence.  *See Castleberry*, 721 S.W.2d at 272 (alter ego "is shown from the total dealings of the corporation and the individual").  And the Court finds no

case law suggesting that mere inclusion of material promoting a founder's activities on the company's website is sufficient to overcome the presumption of corporate separateness, whether for personal jurisdiction or other purposes.

Accordingly, the fiduciary shield doctrine precludes this Court from exercising personal jurisdiction over Middleman in this suit. All claims against Middleman should be dismissed without prejudice.

## II.    **Other procedural motions**

The recommended disposition above affects several other motions. First, Crotts filed a motion for "judicial notice" that is, in reality, a legal brief on merits-related issues. *See* Dkt. 50 (filed February 4, 2025). Those contentions have no bearing on the lack of personal jurisdiction over Middleman. Regardless, Crotts's "[s]tatements of law and legal arguments are not proper subjects for judicial notice under Rule 201" of the Federal Rules of Evidence. *See Melgoza v. Hardin*, 2021 WL 9274497, at *2 (N.D. Tex. Apr. 14, 2021) (rejecting analogous request for judicial notice of legal contentions). His February 4, 2025 motion for judicial notice is denied.

Second, Crotts filed another motion for "judicial notice" that asks the Court to deem certain contentions as admitted due to Middleman's alleged

failure to timely respond to discovery requests.[1]  *See* Dkt. 54.  According to Crotts, he served the request for admissions on January 30, 2025.  *Id.* at 2. Middleman aptly observes, however, that service occurred after the November 29, 2024 cut-off for discovery.[2]  *See* Dkt. 55 at 1-2; Dkt. 17 (scheduling order). Because Crotts never sought leave to serve that discovery or modify the Court's discovery deadline, his requests for admission were untimely, which obviates Middleman's obligation to respond.  The Court denies Crotts's request for deemed admissions.

Finally, Middleman requested a stay of discovery pending resolution of the motion to dismiss.  Dkt. 52.  As concluded above, Crotts has not made even a "preliminary showing of jurisdiction."  *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005).  Nor is there any indication that any information Crotts wishes to obtain would support the existence of personal jurisdiction over Middleman.

Crotts has not made the necessary threshold showing that discovery is merited on the personal jurisdiction issue.  And given the conclusion that personal jurisdiction is lacking, there is good cause to stay discovery under

---

[1] On December 18, 2024, Crotts also filed a motion requesting judicial notice that Middleman was properly served.  *See* Dkt. 44.  That motion is denied as moot because Middleman subsequently appeared and has not disputed service.

[2] Middleman is correct that Crotts's prior set of requests for admissions—which Crotts has not shown were properly served—was stricken from the record.  *See* Dkt. 55 at 2 (citing Dkt. 38, which struck Crotts's filing).

Fed. R. Civ. P. 26(c)(1) until the Court determines whether to adopt the recommendation to dismiss all remaining claims. *See, e.g.*, *Starrett v. Lockheed Martin Corp.*, 2018 WL 10345320, at \*1-2 (N.D. Tex. Mar. 9, 2018) (granting similar stay pending Court's review of the magistrate judge's findings and recommendation)*; cf. Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) (affirming order staying discovery under Fed. R. Civ. P. 26(c) until dispositive motion was resolved). Middleman's request for a stay of discovery is granted.

Finally, the Court has already considered and denied Crotts's motion demanding that the undersigned recuse from this case. *See* Dkt. 56. Crotts's motion for reconsideration adds nothing material. Dkt. 58. Mere disagreement with the merits of prior decisions does not provide grounds for recusal. Crotts's motion for reconsideration is denied.

### Recommendation and Order

For the foregoing reasons, it is **RECOMMENDED** that Defendant Stanley Middleman's motion to dismiss (Dkt. 47) be **GRANTED**. It is further **RECOMMENDED** that, pursuant to Fed. R. Civ. P. 58(a), a separate final judgment be entered that (1) dismisses all claims against Middleman **WITHOUT PREJUDICE**; and (2) further dismisses all claims against Defendant Freedom Mortgage Corporation **WITH PREJUDICE** (*see* Dkt. 24).

It is further **ORDERED** that Plaintiff Alan Nelson Crotts's December 18, 2024 motion for judicial notice regarding service of process (Dkt. 44) is **DENIED AS MOOT**, and his subsequent February 4, 2025 and March 13, 2025 motions for judicial notice (Dkt. 50, 54) are also **DENIED**.

It is further **ORDERED** that Crotts's motion for reconsideration (Dkt. 58) of the order denying recusal is **DENIED**.

It is further **ORDERED** that Middleman's motion to stay discovery (Dkt. 52) is **GRANTED**, and that all discovery is hereby stayed pending the Court's determination of whether to adopt the recommendation above.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on July 8, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

11